NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————————

No. 17-1277

———————————

OCTAVIO PEREZ,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA

Respondent

———————————

On Petition for Review of a Final Order
of the Board of Immigration Appeals
Immigration Judge:  Honorable Quynh V. Bain
(No. A072-425-665)

———————————

Submitted Under Third Circuit LAR 34.1(a)
June 20, 2019


Before: AMBRO, JORDAN and RESTREPO,* Circuit Judges

(Opinion filed:  July 2, 2019)

———————————

*        This matter was initially scheduled to be heard by Judges Ambro, Jordan, and
Vanaskie on June 4, 2018.  The case was listed C.A.V. and removed from the calendar.
Because Judge Vanaskie retired from the Court on January 1, 2019, the panel was
reconstituted to include Judge Restrepo and the case was submitted on June 20, 2019.

---

OPINION[**]

---

AMBRO, Circuit Judge

This immigration case presents two questions the Supreme Court recently decided. Because both of the Court's holdings run against the petitioner here, Octavio Perez, we deny the petition for review from the decision of the Board of Immigration Appeals.

Perez came to the United States from Mexico, was convicted of burglary under Texas law, and received a sentence of five years in prison. Following his release, federal authorities determined that he was removable for having committed an aggravated felony. *See* 8 U.S.C. § 1227(a)(2)(A)(iii). He was sent to Mexico, reentered the United States, and faced removal once again. This time he applied for withholding of removal based on his fear that he would face harm in Mexico because he is gay. *See id.* § 1231(b)(3)(A).

An Immigration Judge and the BIA concluded that Perez was ineligible for withholding because of his prior conviction. They reasoned that burglary under Texas law was a categorical match with generic "burglary" under federal immigration law and thus was an aggravated felony. *See id.* § 1101(a)(43)(G). And because Perez was sentenced to five years in prison, his aggravated felony of burglary also qualified as a "particularly serious crime." *See id.* § 1231(b)(3)(B). Aliens who commit particularly

---

[**]     This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

2

serious crimes are ineligible for withholding of removal, *see id.* § 1231(b)(3)(B)(ii), so Perez's application for withholding was denied.

On appeal, Perez attacks the first link in the decisional chain: Whether his state conviction is a categorical match with the aggravated felony of generic burglary under federal immigration law. His statute of conviction, Tex. Penal Code Ann. § 30.02(a), includes two broad features that complicate the question of categorical fit:

(1) The Texas statute includes unlawful entry not only of physical structures, but also of mobile homes — *i.e.*, vehicles "adapted for the overnight accommodation of persons," *id.* § 30.01(1); and

(2) It covers defendants who form the intent to commit a crime not only at the time of the unlawful entry but also any time after the entry.

After this appeal was briefed, the Supreme Court resolved both issues presented by the Texas statute. First, the Court answered the mobile-home question, holding that burglary of a vehicle such as a mobile home fits the federal definition of generic "burglary" under the categorical approach. *See United States v. Stitt*, 139 S. Ct. 399, 403–04 (2018). Next, it decided the intent-at-entry question, holding that the federal definition of burglary is satisfied even by state statutes covering defendants who "form[] the intent to commit a crime *at any time* while unlawfully remaining in a building or structure." *See Quarles v. United States*, 139 S. Ct. 1872, 1875 (2019).

In sum, the Court's decisions both run against Perez's arguments that his Texas statute of conviction was too broad to be a categorical match with federal generic burglary. As a result, he has committed an aggravated felony and a particularly serious crime, and he is therefore ineligible for withholding of removal.

3

Hence we affirm the decision of the BIA and deny Perez's petition.[1]

---

[1]    After this appeal was filed, we appointed Bridget Reineking of Latham & Watkins LLP to serve as *amicus curiae* on behalf of Perez.  We thank Ms. Reineking for her excellent briefing in this matter.